STATE of Missouri, ex rel., STATE HIGHWAY COMMISSION of Missouri, Plaintiff-Respondent,

v.

MARCUM OIL COMPANY, INC., Defendant-Appellant,

and

Carolyn G. Kent, Defendant.

No. WD 32114.

Missouri Court of Appeals, Western District.

Nov. 10, 1981.

L. Glen Zahnd, Steven D. Mahrt, Savannah, for defendant-appellant.

Bruce A. Ring, Chief Counsel, Dennis J. Redel, Asst. Counsel, Jefferson City, for plaintiff-respondent.

Before TURNAGE, P. J., and PRITCHARD and CLARK, JJ.

TURNAGE, Presiding Judge.

The State Highway Commission requested a mandatory injunction against Marcum Oil Company and Carolyn Kent to require them to remove an outdoor advertising sign owned by Marcum and located on land owned by Kent. The court entered a mandatory injunction and Marcum has appealed.

Marcum contends the court was without authority to enter a mandatory injunction requiring removal of the sign because the Commission has an adequate remedy at law. Reversed.

This cause was submitted on a stipulation of facts. Marcum is the owner of an outdoor advertising sign located on land owned by Carolyn Kent. The sign was erected after March 30, 1972, and is being maintained in an unincorporated area without a permit. Under § 226.580, RSMo 1978,[1] the sign is subject to removal. The Commission determined that the sign was subject to removal and notice of that decision was given and no administrative review was sought by either party. The Commission requested Gene Kent, the husband of Carolyn Kent, to give permission for Commission employees to enter on the land of Carolyn Kent to remove the sign. The stipulation of facts states that "Mr. Kent failed to grant such permission."

The sole question on this appeal is whether or not the court was authorized to enter a mandatory injunction requiring Kent and Marcum to remove the sign, or whether the Commission has an adequate remedy at law which precludes injunctive relief.

Section 226.580.4 gives the Commission the authority to remove unlawful outdoor advertising. That section further provides:

"The owner of the structure shall be liable for the costs of such removal. The commission shall incur no liability for causing this removal, except for damage caused by negligence of the commission, its agents or employees."

Marcum relies on *City of Independence v. DeWitt*, 550 S.W.2d 840 (Mo.App.1977) in which this court held an injunction will not lie if there is an adequate remedy at law. In *DeWitt* the city sought and obtained a permanent injunction which prohibited the operation of a hotel in a building which was alleged to contain conditions constituting it a public nuisance. This court held that the City, under its ordinances, was empowered to correct the conditions alleged to exist and to charge the costs against the property owner. The issuance of an injunction was reversed when there was no pleading or proof to show that the procedures under which the City could correct the conditions itself were not an adequate remedy. In this case, Marcum contends the power given in § 226.580.4 allowing the Commission to enter onto land and remove unlawful advertising is an adequate remedy at law. On oral argument the attorney for the Commission stated that the Commission did not want to rely on the statutory authority given to it and as a matter of practice

[1]. All statutory references are to RSMo 1978 unless otherwise indicated.

refused to enter any land without authority from the owner.

Even accepting the Commission's position that it does not enter land without permission, the facts in this case do not show an attempt to obtain any permission from Carolyn Kent, the owner. The only request was directed to her husband, Gene. Further, the stipulation does not show that Mr. Kent refused permission but simply states that he failed to give permission. Whether the failure was by silence or affirmative statement is not shown.

Whatever the facts may be regarding the permission, this court holds that the Commission is not entitled to injunctive relief absent allegation or proof to show that the right given the Commission by statute to enter land and remove unlawful advertising is not an adequate remedy at law. The right given the Commission is analogous to the right the City had in *DeWitt* to enter property and take corrective action and charge the cost to the owner. There is no doubt there may be many situations in which the Commission will find the statutory right to enter and remove unlawful advertising will not be adequate. However, in those situations the Commission must allege and prove the facts which make the statutory remedy inadequate before it will be entitled to injunctive relief.

The Commission relies on *State ex rel. State Highway Com'n v. Heil*, 597 S.W.2d 257 (Mo.App.1980) for its contention that injunctive relief is proper under this record. In *Heil* the Eastern District held that the Commission had properly brought an action for injunctive relief seeking the removal of an unlawful sign. However, the argument against injunctive relief in that case was based solely on the fact that § 226.600 declares a violation of §§ 226.500 to 226.600 to be a misdemeanor. The argument continued that since a violation of the statute was a crime, the Commission had an adequate remedy by prosecuting for the criminal offense. This court agrees with the result reached by the Eastern District on the ar-

gument advanced. However, *Heil* did not consider the argument made in this case concerning the adequacy of the remedy given the Commission by statute to enter and remove the sign, nor did the court in *Heil* consider the impact of *DeWitt* on that argument. Thus, an entirely different argument is made in this case than was made in *Heil*.

The facts in this case are completely analogous to the situation in *DeWitt* and call for the same result. Absent pleadings and proof that the Commission's statutory remedy to enter and remove the sign was inadequate, the court was without authority to enter injunctive relief.

The judgment is reversed.

All concur.