**STATE ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Respondent,**

**v.**

**MARCUM OIL CO., Appellant.**

**No. WD 36500.**

Missouri Court of Appeals, Western District.

Sept. 10, 1985.

I. Glen Zahnd, Savannah, for appellant.

Bruce A. Ring, Chief Counsel, Michael J. Kuster, Asst. Counsel, Missouri Highway and Transp. Com'n, Jefferson City, for respondent.

Before DIXON, SOMERVILLE and NUGENT, JJ.

DIXON, Judge.

Marcum Oil Co. (Marcum) appeals from the trial court's order permanently enjoining Marcum from installing, erecting, or maintaining any sign, billboard, or advertisement along the highway right-of-way without a permit, and further ordering Marcum to remove its existing unlawful sign. The singular issue is the availability of injunctive relief against a sign owner for repeated violations of the billboard law.

Prior to 1978, Marcum owned and maintained a sign, located on the side of a semi-trailer, which advertised Marcum's

gas station and convenience store. The sign was within 660 feet of Interstate Highway 29; Marcum had not received a permit for the sign; none of the exceptions to the permit requirement were applicable; and thus, the sign was unlawful under § 226.520 RSMo 1978.[1] Marcum voluntarily removed the sign. In 1978, Marcum's trailer reappeared 40 to 50 feet from its previous location, again bearing a sign. The Commission notified Marcum of the sign's unlawful nature and, pursuant to § 226.580, held a hearing, after which a report and order of removal were issued. The Commission sought and obtained a mandatory injunction ordering Marcum to remove the sign. Marcum appealed and the injunction was vacated. *State ex rel. Highway Commission v. Marcum Oil Co.,* 624 S.W.2d 884 (Mo.App.1981). Marcum eventually took away the sign, but in 1982, the trailer and sign again appeared, in approximately the same location. The Commission once more complied with the processes set forth in § 226.580 and the sign was removed. In 1984, the trailer and sign reappeared, approximately 1000 feet from the 1982 location, but still within 660 feet of the highway. Marcum did not obtain a permit and the sign is unlawful. The Commission filed suit to permanently enjoin Marcum from maintaining the unlawful sign and to enjoin Marcum's construction of any additional signs without a permit. The trial court issued the injunction. Prior to the suit for the injunction, the Commission did not undertake to notify Marcum or pursue any of the statutory remedies for removal of the sign.

Marcum's position on appeal is that the statutory remedy of removal constitutes an adequate remedy at law and that, therefore, equitable relief should be denied.

Cited in support of this argument is *City of Independence v. DeWitt,* 550 S.W.2d 840 (Mo.App.1977). There can be no doubt that the principal urged by Marcum was applied in *DeWitt.* In that case, the City obtained a prohibitory injunction from the trial court against DeWitt's continued operation of ho-

tel property on the ground that the building was in violation of the building code. *Id.* at 814. On appeal the injunction was vacated because the City had not pursued its remedy to enter and repair or enter and demolish the building. *Id.* at 845. *DeWitt* was cited and relied on in *Marcum, supra,* to vacate an injunction requiring removal of the earlier sign.

In *Marcum,* this court stated that, absent pleadings and proof of the statutory remedy's inadequacy, injunctive relief may not be granted. 624 S.W.2d at 886. In *Marcum,* this court also noted, "There is no doubt there may be many situations in which the Commission will find the statutory right to enter and remove unlawful advertising will not be adequate." *Id.*

This case is factually distinguishable from *DeWitt* and *Marcum.* Here, the Commission has pleaded and proved the inadequacy of the statutory remedies by showing Marcum's *seriatim* violations of the Billboard Act. Marcum has erected unlawful signs and, although the Commission has removed the signs pursuant to its statutorily granted authority, following each removal, Marcum has merely erected another sign in virtually the same location. Marcum's actions constitute a flagrant disregard of the Billboard Act and require a multiplicity of corrective actions, thus making the Commission's legal or statutory remedy inadequate. *Reproductive Health Services, Inc. v. Lee,* 660 S.W.2d 330, 335 (Mo.App.1983). *See,* 42 Am.Jur.2d *Injunctions* § 40 (1969). As a general rule,

> where an injury committed by one against another is continuous or is being constantly repeated, so that plaintiff's remedy at law requires the bringing of successive actions, that remedy is inadequate, and the injury will be prevented by injunction. The fact that an injured person has the right to bring successive actions in case of continuance of the wrong does not establish an adequate remedy at law and does not bar a court

---

1. All statutory references are to RSMo 1978 unless otherwise indicated.

from granting an injunction to restrain the continuance of the injury.

43 C.J.S. *Injunctions* § 29 (1978). The policies upon which this rule is founded were well stated in *City of Kansas City v. Mary Don Co.*, 606 S.W.2d 411 (Mo.App.1980). In holding that the City could file to enjoin Mary Don's violation of various ordinances governing the maintenance of its residential properties, this court noted,

> *Saying that prosecution of Mary Don time and time again and its repeated subjection to the payment of fines is an adequate remedy has a hollow ring* when weighed with the public interest. Equity looks to substance rather than form and where, as here, it is pleaded that efforts of the City through administrative and legal channels to eradicate conditions menacing public health, safety and welfare are effectively thwarted, the principal purpose of the City's petition should be broadly viewed as seeking abatement of a public nuisance as opposed to being narrowly viewed as nothing more than an attempt to enforce certain quasicriminal ordinances. *As disclosed by the City's petition numerous prosecutions and the levying of repeated penalties are highly problematical as effective deterrents to Mary Don's continuing, broad scale, illegal conduct. So long as Mary Don's conduct persists and the complained of conditions stand unabated, the public, for all practical purposes, remains helplessly victimized.*

*Id.*, at 415–16. (Emphasis added). Here, the Commission has pleaded and proved that its statutory right to enter Marcum's property and remove the unlawful signs is inadequate. By Marcum's repeated erection of unlawful signs, it has effectively circumvented the purposes of the Billboard Act as stated in § 226.500, and its effects. As in *City of Kansas City, supra,* absent injunctive relief, in this situation the public "remains helplessly victimized." Thus, the trial court did not abuse its discretion in granting the Commission injunctive relief. Affirmed.

All concur.